RICHARD DOYLE, City Attorney (#88625)
GEORGE RIOS, Assistant City Attorney (#77908)
CLIFFORD GREENBERG, Senior Deputy City Attorney (#122612)
Office of the City Attorney
200 East Santa Clara Street
San Jose, California  95113
Telephone:   (408) 535-1900
Facsimile:    (408) 998-3131
Email:         cao.main@sanjoseca.gov

Attorneys for Defendants
CITY OF SAN JOSE and CINDY CHAVEZ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSÉ FACILITY

| | |
|---|---|
| LICKING ENTERPRISES, INC.<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, a municipal corporation; SAN JOSE CITY COUNCIL; RON GONZALES, CINDY CHAVEZ, PAT DANDO, KEN YEAGER, CHUCK REED, FORREST WILLIAMS, LINDA J. LEZOTTE, NORA CAMPOS, GEORGE SHIRAKAWA, JR., DAVI D. CORTESE, JOHN DIQUISTO, sued in their official capacities,<br><br>Defendants. | NO.:   C07-00735 RMW (PVT)<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF, DAMAGES, COSTS AND FEES; DEMAND FOR JURY TRIAL** |

Defendants City of San Jose and Cindy Chavez hereby respond to the Complaint and Demand for Jury Trial filed by Plaintiff in this action, and admit, deny and respond as follows:

1.  In response to the allegations in paragraph 1 of the Complaint, Defendants deny that this court has jurisdiction over the controversy.

2.  In response to the allegations in paragraph 2 of the Complaint, Defendants are without information and belief as to the business organization and operation of Plaintiff, and on that basis deny the allegations contained therein.

3. In response to the allegations in paragraph 3 of the Complaint, Defendants admit that the City of San Jose is a municipal corporation organized under the laws of the State of California.

4. In response to the allegations in paragraph 4 of the Complaint, Defendants admit that allegations contained therein.

5. In response to the allegations in paragraph 5 of the Complaint, Defendants admit that Defendant Ron Gonzales was the Mayor of the City, and a member of the City Council, but deny that he was the "Chief Executive" of the City.

6. In response to the allegations in paragraphs 6 through 15 of the Complaint, Defendants admit that the stated individuals were members of the City Council.

7. In response to the allegations in paragraph 16 of the Complaint, Defendants deny the allegations contained therein.

8. In response to the allegations in paragraph 17 of the Complaint, Defendants admit that San Jose receives federal funding.

9. In response to the allegations in paragraph 18 of the Complaint, Defendants are without information or belief as the facts contained therein and on that basis, deny such allegations.

10. In response to the allegations in paragraph 19 of the Complaint, Defendants admit that Plaintiff applied for a zoning change, and that the Planning Department reviewed the application and recommended approval. Except as so admitted, Defendant denies the remainder of the allegations therein.

11. In response to the allegations in paragraph 20 of the Complaint, Defendants admit the allegations contained therein.

12. In response to the allegations in paragraph 21 of the Complaint, Defendants admit that a number of neighborhood meetings occurred, but are without information and belief as to exactly what was said at those meetings, and on that basis deny the allegations related thereto.

13.  In response to the allegations in paragraph 22 of the Complaint, Defendants are without information and belief as to whether Plaintiff was notified of another community meeting, and about what community leaders requested, and on that basis, deny such allegations.

14.  In response to the allegations in paragraph 23 of the Complaint, Defendants admit that a City Council meeting took place and that the City Council voted to deny the re-zoning.

15.  In response to the allegations in paragraph 24 of the Complaint, Defendants deny the allegations contained therein.

16.  In response to the allegations in paragraph 25 of the Complaint, Defendants admit that the City Council denied the rezoning, but deny that the Councilmembers "followed" the memorandum of Councilmember Chavez.

17.  In response to the allegations in paragraph 26 of the Complaint, Defendants admit that Plaintiff filed a complaint with HUD and that the Complaint was dismissed and a determination of no reasonable cause was issued, but Defendants are without information and belief as to the actual dates upon which such actions took place, and on that basis, deny the allegations related thereto.

18.  In response to the allegations in paragraph 27 of the Complaint, Defendants deny the allegations contained therein.

19.  In response to the allegations in paragraph 28 of the Complaint, Defendants deny the allegations contained therein.

20.  In response to the allegations in paragraph 29 of the Complaint, Defendants deny the allegations contained therein.

21.  In response to the allegations in paragraph 30 of the Complaint, Defendants deny the allegations contained therein.

22.  In response to the allegations in paragraph 31 of the Complaint, Defendants deny the allegations contained therein.

23.  In response to the allegations in paragraph 32 of the Complaint, Defendants incorporate their responses to the incorporated paragraphs.

24. In response to the allegations in paragraph 33 of the Complaint, Defendants acknowledge that Congress enacted the Fair Housing Amendment Acts of 1988.

25. In response to the allegations in paragraph 34 of the Complaint, Defendants are without information and belief as to the truth of said allegations and on that basis deny the allegations contained therein.

26. In response to the allegations in paragraph 35 of the Complaint, Defendants deny the allegations contained therein.

27. In response to the allegations in paragraph 36 of the Complaint, Defendants deny the allegations contained therein.

28. In response to the allegations in paragraph 37 of the Complaint, Defendants deny the allegations contained therein.

29. In response to the allegations in paragraph 38 of the Complaint, Defendants incorporate their responses to the incorporated paragraphs.

30. In response to the allegations in paragraph 39 of the Complaint, Defendants deny the allegations contained therein.

31. In response to the allegations in paragraph 40 of the Complaint, Defendants deny the allegations contained therein.

32. In response to the allegations in paragraph 41 of the Complaint, Defendants deny the allegations contained therein.

33. In response to the allegations in paragraph 42 of the Complaint, Defendants incorporate their responses to the incorporated paragraphs.

34. In response to the allegations in paragraphs 43 through 48 of the Complaint, Defendants deny the allegations contained therein.

35. In response to the allegations in paragraph 49 of the Complaint, Defendants incorporate their responses to the incorporated paragraphs.

36. In response to the allegations in paragraph 50 of the Complaint, Defendants reply that the cited code sections speak for themselves.

37. In response to the allegations in paragraph 51 of the Complaint, Defendants deny the allegations contained therein.

38. In response to the allegations in paragraph 52 of the Complaint, Defendants incorporate their responses to the incorporated paragraphs.

39. In response to the allegations in paragraphs 53 through 56 of the Complaint, Defendants deny the allegations contained therein.

40. In response to the allegations in paragraph 57 of the Complaint, Defendants incorporate their responses to the incorporated paragraphs.

41. In response to the allegations in paragraphs 58 through 61 of the Complaint, Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

Defendants further allege:

### FIRST AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

Plaintiff's Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

Plaintiff's Complaint is barred by the equitable doctrines of laches, unclean hands, waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

Plaintiff's Complaint is barred by its failure to present an adequate government claim.

### FIFTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

Plaintiff failed to mitigate its damages, if any.

### SIXTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

Regarding any constitutional claims, individual defendants are not liable based on qualified immunity.

/ / /

### SEVENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

Defendants assert the affirmative defenses and immunities provided in Government Code Sections 800 through 1000.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exhaust administrative and judicial remedies.

### NINTH AFFIRMATIVE DEFENSE

The actions complained of were within the police power of the Defendants and are therefore privileged.

### TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are basing their claims on Defendants' legislative and/or discretionary activities, Defendants are immune from liability.

### ELEVENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction to hear this matter, which should be reviewed by a state court on a petition for writ of mandate.

DATED:   May 11, 2007                    RICHARD DOYLE, City Attorney

                                         By:  _____/s/ Clifford S. Greenberg_____
                                              CLIFFORD S. GREENBERG
                                              Senior Deputy City Attorney

                                         Attorneys for Defendants CITY OF SAN JOSÉ and CINDY CHAVEZ

### DEMAND FOR JURY TRIAL

These answering Defendants hereby demand a jury.

DATED:   May 11, 2007                    RICHARD DOYLE, City Attorney

                                         By:  _____/s/ Clifford S. Greenberg_____
                                              CLIFFORD S. GREENBERG
                                              Senior Deputy City Attorney

                                         Attorneys for Defendants CITY OF SAN JOSÉ and CINDY CHAVEZ

CSJ'S ANSWER TO COMPLAINT;                    6
C07-00735 RMW